E-filing

*Petition handed to prison officer/clerk for mailing 2-24-08 (Houston-v-Lack)*

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  Ayon                    Jose
      (Last)                  (First)           (Initial)

Prisoner Number  P-22590

Institutional Address  P.O. Box 6000 B6 111  Delano, Ca. 93216

================================================================

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08  1267  WHA (PR)

Jose Ayon
Full Name of Petitioner          Case No.
                                 (To be provided by the clerk of court)

vs.

Tony Hedgpeth - Warden           PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

================================================================

Read Comments Carefully Before Filling In

When and Where to File

  You should file in the Northern District if you were convicted and sentenced in one of these counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

  If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located.  If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

1

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   | Humboldt County Superior Court | Humboldt County, Ca. |
   |---|---|
   | Court | Location |

   (b) Case number, if known __982332__

   (c) Date and terms of sentence __12-9-98  17 years__

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes __X__ No ____

   Where? __Kern Valley State Prison   P.O. Box 6000   Delano, Ca.__
   (Name of Institution)                (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

   Manufacturing Methamphetamine(HS 11379.6), Weight Enhancement(HS 11379.8), Conspiracy(PC 182), Disposal of Hazardous Waste(11374.5)

3. Did you have any of the following?

   Arraignment: Yes __X__ No ____   Preliminary Hearing: Yes ____ No __X__

   Motion to Suppress: Yes __X__ No ____

2

4. How did you plead?

Guilty ____    Not Guilty __X__    Nolo Contendere ____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __X__    Judge alone ____    Judge alone on a transcript ____

6. Did you testify at your trial?    Yes ____    No __X__

7. Did you have an attorney at the following proceedings:

(a) Arraignment           Yes __X__    No ____
(b) Preliminary hearing   Yes __X__    No ____
(c) Time of plea          Yes __X__    No ____
(d) Trial                 Yes __X__    No ____
(e) Sentencing            Yes __X__    No ____
(f) Appeal                Yes __X__    No ____
(g) Other post-conviction proceeding    Yes __X__    No ____

8. Did you appeal your conviction?    Yes __X__    No ____

(a) If you did, to what court(s) did you appeal?

| | | | Year | Result |
|---|---|---|---|---|
| Court of Appeal | Yes __X__ | No ____ | 2000 | Affirmance |
| Supreme Court of California | Yes __X__ | No ____ | 2000 | Denial |
| Any other court | Yes ____ | No __X__ | | |

(b) If you appealed, were the grounds the same as those that you are raising in this petition?    Yes __X__    No ____

(c) Was there an opinion?    Yes __X__    No ____

(d) Did you seek permission to file a late appeal under Rule 31(a)?    Yes ____    No ____

If you did, give the name of the court and the result:

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes __X__    No ____

3

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.  Name of Court   UNited States District Court-Northern District

    Type of Proceeding   Habeas Corpus

    Grounds raised (Be brief but specific):

    a.   Improper Weight Enhancement

    b.   Unlawful Search and Seizure/Ineffective Counsel

    c.   Unjustified Physical Restraints at Trial

    d.   Failure to Disclose Informants/Perjury

    Result  Dismissal w/o Prejudice   Date of Result   11-8-06

II. Name of Court   California Supreme Court

    Type of Proceeding   Habeas Corpus

    Grounds raised (Be brief but specific):

    a.   Unlawful Search and Seizure

    b.   Unjustified Restraints

    c.   _____

    d.   _____

    Result   Denial   Date of Result   1-17-07

III. Name of Court   California Supreme Court

    Type of Proceeding   Habeas Corpus

    Grounds raised (Be brief but specific):

    a.   Same as those raised in this petition.

4

b. _____

c. _____

d. _____

Result ___Pending_____ Date of Result _____

(b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?   Yes _X_  No ____

__California Supreme Court San Francisco, California.__
(Name and location of court)

B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: __See attached pages._____

Supporting Facts: _____

_____

_____

Claim Two: _____

Supporting Facts: _____

_____

_____

5

GROUND ONE-PETITIONER'S FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS WAS VIOLATED BECAUSE HIS CONDUCT DID NOT COME WITHIN MEANING OF THE STATUTE.

Petitioner's conviction for manufacturing methamphetamine was enhanced by 10 years under Health & Safety Code Sec. 11379.8 which requires enhancement if the substance exceeds 25 gallons of liquid or 10 pounds of solid substance. However, only two ounces of methamphetamine was recovered(RT-1375). A witness testified he had seen a quantity of meth but no evidence established the weight. The Court of Appeal upheld the enhancement notwithstanding the absence of 10 pounds of existing meth and caselaw indicating 11379.8 was inapplicable(attached exhibit (att.ex.) A at 18-23; see People -v-Lopez 20 C.A.4th 897,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; Valenzuela-v-Superior Ct. 33 C.A.4th 1445,1450-1995).

GROUND TWO-PETITIONER'S FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS WAS VIOLATED BY CONVICTION ON INSUFFICIENT EVIDENCE.

The prosecution failed to produce sufficient, or any, evidence of sufficient meth in liquid or solid form to satisfy Section 11379.8.

GROUND THREE-PETITIONER'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, IMPARTIAL JURY, AND EFFECTIVE COUNSEL WERE VIOLATED BY HIS UNJUSTIFIED LEG RESTRAINTS AT TRIAL.

Petitioner and his codefendants were fitted with security leg

braces under their clothing(RT-304-05). The restraints, which could not be seen and were made of vinyl, steel, and cloth, could be heard by jurors because they made a distinct "clicking" sound when a defendant walked(att.ex. A at 29). The restraints were very painful and caused the defendants to walk oddly, another circumstance alerting jurors to the restraints' presence(RT-269-74). Because of the restraints, Petitioner was unable to give his full attention to the proceedings or communicate with his attorney(att.ex. B & C(Declarations of Petitioner and his trial attorney)). The Trial Court acknowledged there was no evidence of a risk of violence, escape, or other disruptive conduct on the defendants' part. Rather, the restraints were pursuant to an indiscriminate policy(RT-277-78). The Court of Appeal concluded the restraints were error(att.ex. A at 33-34).

GROUND FOUR-PETITIONER'S FOURTH AMENDMENT RIGHTS AGAINST UNLAWFUL SEARCH AND SEIZURE WERE VIOLATED.

A van containing Petitioner was stopped by sheriff's deputies and other law enforcement. Petitioner and his codefendants were ordered out, handcuffed, and made to remain at the side of the road. Information obtained during the search and stop led to the searches of the property and another residence wherein incriminating evidence was found(att.ex. A at 12). The decision to stop the van was based on the following (1) the van had departed late at night from a property where informants had months earlier reported drugs were being manufactured, (2) the van had been rented in Fresno,

a place informants had stated the manufacturers were from. However, law enforcement only learned the van was rented in Fresno after illegally entering the property and recording the license plate(att. ex A at 8). Based on evidence at the suppression hearing and the trial(see RT-1504-05,1505-08), the stop and searches violated the Fourth Amendment as they lacked probable cause, reasonable suspicion and valid consent. The information from the informants was stale and the informants were not shown to be sufficiently reliable or corroborated or even to exist. The search warrants contained material misrepresentations(att.ex. A at 9-10). The suppression hearing was not full and fair(RT-251-53,208-33,1848).

GROUND FIVE-PETITIONER'S FEDERAL CONSTITUTIONAL RIGHT AGAINST EXCESSIVE BAIL UNDER THE EIGHTH AMENDMENT WAS VIOLATED.

The Trial Court refused to reduce Petitioner's outrageously high and unjustified two million dollar bail. The sole basis was that the defendants were illegal aliens and, if they made bail, would allegedly leave the country and never return. However, Petitioner would never have left his wife and children who live here and are American citizens(RT-14-16).

GROUND SIX-PETITIONER'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, CONFRONTATION, EFFECTIVE COUNSEL AND AGAINST UNREASONABLE SEARCH AND SEIZURE WERE VIOLATED.

The detentions, arrests, warrants, and searches were based sub-

stantially on information from confidential informants(RT-10-11,17-18,34-36,54-56,63,87-88,107-09,111-14,125, 141-43,161-63). The informants and information were unreliable, uncorroborated, and the information was stale, thus invalidating the searches and seizures. The Trial Judge erred in upholding the confidentiality of the informants' identities and/or the information provided by them (RT-251-53; att.ex. D(Motion)). The sealed information would not have revealed the informants' identities. The informants were (1) material witnesses on guilt or innocence and (2) provided material misrepresentation relied upon by law enforcement. The in camera procedure utilized by the trial judge(RT-133,208-33) violated Due Process, the right to Confrontation, and the Fourth Amendment. Appellate Counsel failed to challenge the procedure or the Trial Court's ruling on confidentiality.

GROUND SEVEN-PETITIONER'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND AGAINST CRUEL AND UNUSUAL PUNISHMENT WERE VIOLATED.

The trial court imposed a ten year enhancement under Section 11379.8 which the Court declined to strike as authorized by Subdivision (d)(RT-2302-012). This was an abuse of discretion and violated Petitioner's rights. Petitioner's seven year sentence for manufacturing was more than adequate punishment. Evidence indicated he was a young man with just a minor role of a footsoldier. The crime involved no violence. There was no evidence he was aware of either the penal consequences of manufacturing or the effects on society.

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Jackson-v-Virginia 443 U.S.307.  Roviaro-v-U.S. 353 U.S. 53.

Dyas-v-Poole 317 F.3rd 934-9th Cir.  Ramirez-v-Castro 365 F.3rd 755.

Illinois-v-Gates 462 U.S. 213.

Do you have an attorney for this petition?    Yes _____    No __X__
If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __2-24-08__          _Jose Ayon_
                Date                Signature of Petitioner

(rev. 5/96)

6

JOSE AYON # P-22590
P.O. BOX 6000 B6 111
DELANO, CA. 93216

Kern Valley State Prison
Facility B, Building 6

RECEIVED
FEB 28 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
U.S. COURTHOUSE
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102-3483

